(Franklin County Common Pleas.)
FLEMING v. HOFFMAN et al.

(1). The will of a resident of another state does not operate to pass title to property in Ohio, by being admitted to probate in this state, until duly probated in the state where testatrix was a resident at time of her death.

(2). Where a testatrix residing in West Virginia makes a will and continues a resident of that state until her death, the original probating of her will in Ohio is void and passes no property right to legatees claiming under such will.

In 1891 Margaret Fleming of Brooke county, W. Va., made a will disposing of about $125,000.00 worth of property and appointing Ripley C. Hoffman her executor, and directed that said will should be probated at Columbus, Ohio; in May, 1891, she died in W. Va. where she had continued to reside until her death and said will was probated within a few days thereafter in the probate court of Franklin county, at Columbus, Ohio, and Ripley C. Hoffman was appointed executor as therein directed by the probate court of Franklin county, Ohio, and thereupon collected the assets of said estate and distributed all but about $24,000 for which he failed to account. This action is brought by one of the legatees against said executor and his bondsmen to recover the amount of a legacy that has not been paid as provided by said will. After plaintiff had introduced the records and evidence showing above facts defendants interposed a motion for non suit.

BADGER, J.

It seems to me that you strike the key note in these cases when you come to the jurisdiction of the probate court in admitting the will to probate in Franklin county. It is well understood by all lawyers that wills are creatures of the statute, and divert property or may at least divert property from the ordinary channels in which it would descend were it not for the power conferred by the statute on persons to make wills. Being of that nature I think our courts have uniformly construed with strictness all the acts that are necessary to validate a will, so that to make a will an instrument of any validity it must show fully in the making and the probate that all the requirements of the statute in relation to it have been complied with substantially.

Courts cannot read into the statutes of wills that which is not put there by the legislature.

Now in this case there is a double question comes up as to the bond. The validity of it, or the liability of the sureties on this bond, by reason of waiver or otherwise might be one question that would come up if this suit had been brought by one of the legal heirs. That allegations of the petition show that it is not brought by a legal heir or creditor but by one who had a legacy under the will. If the will is invalid or not properly probated the legacy of course would fall with it.

The plaintiffs in this case are not bringing the action as heirs at law of the decedent, so it would make no difference even though this bond were a valid, legal instrument sufficinet to bind the bondsmen, the plaintiffs here would have no standing unless they show that the will has been duly probated according to the provisions of the statute. One question is as to the right of the plaintiffs to maintain this action even though the bondsmen were liable to the legal heirs or creditors.

It seems to me that the key note to this case is whether this will has ever been legally probated; if it has not, no matter what the liabiity of the bondsmen may be as to heirs or creditors, the plaintiffs have no standing. There is no provision in the laws of Ohio that by any stretch of construction that any court could give would inject any vitality into an instrument calling itself a will made by a person residing in a different state from Ohio, and originally probated in a county in Ohio.

On the evidence offered by the plaintiff in this case the defendants interpose a motion to dismiss for various reasons, one of which is that the plaintiffs in the case show no legal capacity to maintain this action. In other words that they fail to show that they have any right to any portion of the estate of Margaret Fleming, deceased. Their claim is based wholly upon the will of Margaret Fleming, deceased, which will is introduced with the order of probate and is in evidence. It occurs to my mind that the evidence most clearly shows that Margaret Fleming at the time of her decease was a resident of Brooke county, W. Va.; that the evidence and the pleadings show that the will was never probated in Brooke county, W. Va., but that there was an attempt to probate it in Franklin county, Ohio. The will itself reciting that the residence of the decedent was Brooke county, W. Va.: that said will was executed in W. Va. some ten days or perhaps two weeks before the probating or filing of the same in Franklin county, Ohio, probate court. As the will is purely the creature of statute, it can have no validity or effect except such as is given by the statute and to divert property from the natural course of descent by reason of a will all the requirements of the statute must be substantially complied with. It is unnecessary to recite the general provisions as to wills all of which must be complied with before a will can give a legatee thereunder any title to testator's property. Now it is contended by the plaintiff in argument that inasmuch as the statutes of Ohio do not prohibit the filing and probating of a will made by a resident of another state, that it may be probated in Ohio. The argument of counsel on the other side certainly has force in that the probate court is a court of limited jurisdiction, has jurisdiction only where it is conferred by law, would seem to answer that to my mind. But counsel for the defendant also cite section 5942 providing no will shall be effectual to pass real or personal estate unless it shall have been duly admitted to probate or record as provided by statute.

It seems to me that even if the probate court was a court of such jurisdiction that it might admit such will to probate unless prohibited by statute, here is a direct prohibition by the statute on that point. Now there is no authority in the law of wills to give a person a right to change the general law governing such matters. A person making a will is still subject to the general laws governing the subject, and may not direct, as was attempted to be done in his case, where the will should be probated. The statute fixes the place where a will may be probated, and if it were possible for one to direct where her will should be probated it might be possible that the testatrix would direct that the will should not be probated at all, and should have force and effect without ever being probated. We all recognize that can not be done, and I think on examination that we will all recognize that it is not within the power of the testatrix to direct where a will shall be probated. He may only make his will in accordance with the law. If he has made it substantially in accordance with the law, the law directs where it should be probated. The will is of no effect, validity or force until it is probated according to the statute that gives the power to admit to probate and record in such matters. The law governing wills can not be confused with that as to deeds. The execution of a will by a testator gives no right to the legatee to any property described in that will, or devised by that will until after the death of the testator and not then until its admission to probate by the proper court.

I do not think it necessary to dwell on

the evidence as to the residence of Margaret Fleming. The will itself recites that. The record also recites that. I do not think you could make it any plainer by saying "Margaret Fleming, late a resident of Brooke county, W. Va", than is recited in the will and record "Margaret Fleming late of Brooke county, W. Va" What other legal meaning has the expression "late of a certain state" or territory than that that person was a resident of that state or territory designated. It can have no other legal meaning in the record.

I was glad to hear the remarks of one of the counsel in the argument in this case in a general way as to the admission of wills to probate. There has grown up in Ohio—I do not know how general it is throughout the country, as suggested by counsel in his argument—a very loose practice in the admission of papers purporting to be wills to probate in the state of Ohio. The probate judges are not all lawyers, and I take it to be the experience perhaps of the practicing members of the bar that those lawyers, lawyers in name only, we find too often occupying the bench in the probate judge's office, usually are no more careful than the ones that have never been admitted to the bar as to admitting alleged wills to probate papers.

It was only during this term of court that a case was on trial in relation to real estate of Jesse Rush, deceased, showing that a will had been admitted to probate having been signed by two alleged witnesses although it had never been signed by the testator; and several other instances equally as ludicrous I could cite where wills have been admitted to probate in Ohio. And the fact that this will directs that it shall be admitted to probate in Franklin county may have influenced the probate court in acquiescing in doing something which, if he had consulted a lawyer who had examined into the question would have told him was absolutely void and gave it no effect. The testatrix might as well have directed that the will would be operative without ever being admitted to probate. Such loose practices on the part of probate judges are to be censured the more for the reason the statutes and the decisions of our circuit and supreme courts are very clear in all such matters.

Therefore in this case it is not necessary for the court to determine whether or not the defendants, the bondsmen of Ripley C. Hoffman, are estopped from denying a recovery against the persons legally entitled to the proceeds of the estate of Margaret Fleming, deceased. It is sufficient to say that the plaintiffs in this case show no legal right to recover any portion of the estate of Mar-garet Fleming, deceased, for the reason that the pleadings and the evidence show that the will of Margaret Fleming, deceased, has never been legally admitted to probate. The motion is sustained.

M. E. Thrailkill, P. S. Lowery and W. T. S. O'Harra, for Plaintiff.

Joseph H. Outhwaite, G. J. Marriott, Thomas H. Ricketts, C. D. Saviers and J. G. McGuffey, for Defendants.